RAQUETTE FALLS LAND COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 17151.

Court of Claims, January 23, 1925.

State — lands appropriated — motion, pursuant to Court of Claims Act, § 20, to bring in additional parties in claim to recover compensation for lands appropriated by State — assessment against lands and levying and collecting taxes predicated thereon to pay cost of completion of highway authorized by Laws of 1841, chap. 96 — supplemental statute (Laws of 1847, chap. 68) providing for levying of additional taxes upon said lands, for failure to pay which sale was had, failed to provide for assessment and collection of tax — supplemental statute should be construed with prior statute — landowners, at time of appropriation of lands, had ample notice of all proceedings and opportunity to pay assessments levied — tax sale for non-payment of taxes valid — said lands conveyed to claimant's predecessor in title pursuant to Laws of 1855, chap. 122 — motion denied.

Defendant's motion, pursuant to section 20 of the Court of Claims Act, to bring in additional parties in a claim to recover compensation for lands appropriated

by the State should be denied, where it appears that an assessment against said lands, and the levying and collecting of the taxes predicated thereon, in order to pay the cost of the completion of a highway, was authorized by chapter 96 of the Laws of 1841, and that a supplemental statute (Laws of 1847, chap. 88) provided for the levying of additional taxes upon the said lands, for the failure to pay which the sale was had, but failed to provide for the assessment and the collection of the tax, since said supplemental statute should be read and construed with the act of 1841, and as so read, the landowners at the time the lands were appropriated had ample notice of all proceedings and an opportunity to pay the assessments levied; therefore, said tax sale was valid and regular.

Moreover, said lands were conveyed to claimant's predecessor in title in 1856 pursuant to the provisions of chapter 122 of the Laws of 1855, providing for the conveyance of such land " as now in the possession of this State and not claimed adversely by others," and since said conveyance no hostile claim of title has been asserted.

MOTION, pursuant to section 20 of the Court of Claims Act, to bring in additional parties to claim for lands appropriated by the State.

*George N. Ostrander*, for the claimant.

*Carl Sherman, Attorney-General [Clarence R. Cummings, Deputy Attorney-General*, of counsel], for the State of New York.

SMITH, J.:

This is a motion pursuant to section 20 of the Court of Claims Act (Laws of 1920, chap. 922, as added by Laws of 1923, chap. 671), to bring in additional parties to the claim, which is one to recover compensation for lands in the county of Essex appropriated by the State. Claimant's source of title is a tax deed from the State Comptroller to the People of the State of New York, following a sale of the lands at a tax sale held in 1853, and the parties sought to be brought in are the heirs or other successors in interest of the owners of the lands prior to the time of the tax sale.

The tax, or special assessment, for the failure to pay which the sale was held, was one authorized by chapter 68 of the Laws of 1847 in aid of the completion of a highway from Carthage, in Jefferson county, to Lake Champlain, in Essex county. At the tax sale the People of the State of New York became the purchasers, and later, pursuant to the provisions of chapter 122 of the Laws of 1855, conveyed to the Sacketts Harbor and Saratoga Railroad Company, which by mesne conveyances conveyed to claimant.

By chapter 96 of the Laws of 1841 commissioners were appointed to take the necessary proceedings, and to superintend the work of laying out and constructing the highway above mentioned, and to assess and tax the cost thereof upon and against a district created by and designated in the act. The act also provided full procedure for making the necessary assessments and levying and

collecting the taxes based thereon, and provided for due notice of the taxes and the times when and places where the same were payable. No question has been raised by the State as to the validity of that act.

In 1847 a supplemental act was passed (Laws of 1847, chap. 68) authorizing the commissioners to levy an additional tax at specified rates upon the properties lying within the district created and designated in and by the act of 1841. The commissioners were by this act directed, " as soon as said tax shall be completed," to " send a copy of the same to the comptroller, who shall cause said tax to be entered upon the books of his office in the same manner as are the non-resident taxes returned to his office by the treasurers of the several counties of this state." This act made no provision for the assessment and collection of the tax, other than as above quoted, except that it provided that the valuations of the lands used in fixing the amounts of the taxes should be those contained in the town assessment rolls for the year 1844 for the counties of Herkimer and Hamilton, and for the year 1846 for the county of Essex.

The learned Attorney-General contends that chapter 68 of the Laws of 1847 is unconstitutional, in that it did not in terms provide for notice to be given to the landowners of the completion of the assessment and the levying of the tax, and also that it made no provision for the collection of the tax, and failed to provide ample opportunity for the taxpayer to pay his tax as levied, and that hence the taxes levied in pursuance of the act and the tax sale for non-payment of the taxes were void, and did not serve to divest the owners of the lands at the time of the tax sale of title to the lands sold. It is, therefore, contended that those landowners and their successors in interest were at the time of the appropriation by the State the real owners of the appropriated lands and necessary parties to any claim for compensation therefor.

I have reached the conclusion that the contention of the State should not be sustained. Doubtless the act of 1847, if standing alone, would be open to the objection urged by the learned Attorney-General. But it does not stand alone. It was but a supplemental act, and should be read and construed with chapter 96 of the Laws of 1841 in accordance with familiar rules of statutory construction. So read, ample notice of all proceedings and ample opportunity to landowners to pay the taxes were provided.

In addition it should be noted that chapter 122 of the Laws of 1855, pursuant to which the State in 1856 conveyed the land in question to the Sacketts Harbor and Saratoga Railroad Company,

authorized the Commissioners of the Land Office to convey only such land " as is now in the possession of this state and not claimed adversely by others." It is, therefore, to be presumed that, at the time the State conveyed in 1856, the lands conveyed were in the possession of the State, and that they were not claimed adversely by others. The lapse of sixty-eight years since the date of the State's conveyance, without, so far as appears, any hostile claim of title being asserted, tends to strengthen that presumption, indicates the acquiescence in the tax sale by the previous owners, and fortifies claimant's contention that bringing in the additional parties named in the motion papers is unnecessary.

The motion is, therefore, denied.

Parsons, J., concurs. _____